**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QING XIONG ZHENG, | No. 10-73892 |
| Petitioner, | Agency No. A076-209-864 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Qing Xiong Zheng, a native and citizen of China, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that the harms Zheng suffered, even if credible and considered cumulatively, constitute past persecution in China. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (petitioner did not suffer significant physical harm and IJ was not compelled to find past persecution). Substantial evidence supports the BIA's decision that Zheng's refusal to pay a bribe to an official was a personal action involving no actual or imputed political opinion, *see Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam), and that he failed to demonstrate that a political opinion would be at least one central reason for any future mistreatment in China, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Substantial evidence also supports the BIA's finding that Zheng did not demonstrate he would be subject to persecution, as opposed to prosecution, for throwing a brick at an official. *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (per curiam) ("Ordinary prosecution for criminal activity is not persecution 'on account' of a protected ground."). Consequently, Zheng's asylum claim fails.

Because Zheng did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Finally, Zheng does not challenge the agency's denial of CAT protection. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**